**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In:
Cupree Howard,           )   Case Number 19-22444
  Debtor(s)              )   Chapter 7
v.                       )   Judge LaShonda A Hunt,
City of Chicago

## NOTICE OF MOTION

**To:**

**Frances Gecker,** Chapter 7 Trustee,1327 W. Washington Boulevard, Suite 5G-H, Chicago, IL 60607 via electronic court notification.

**Cupree Howard,** 4430 West Jackson Blvd 2nd Floor, Chicago, IL 60624 Debtor

City of Chicago, c/o James Allendorf, Sr. Associate Attorney, 111 W Jackson Blvd, suite 600, Chicago IL 60604 and David Paul Holtkamp, Assistant Corporation Counsel, Supervisor, City of Chicago, Department of Law,Bankruptcy Unit,121 N. LaSalle St., Ste. 400
Chicago, Illinois 60602, Attorneys for Respondent City of Chicago

PLEASE TAKE NOTICE that on September 5, 2019 at the hour of 10:00 a.m. I will appear before the Honorable LaShonda A Hunt in courtroom 719 at 219 South Dearborn Street, Chicago IL 60604 and present the attached Motion To Avoid Judicial Lien , a copy of which is attached hereto.

        /s/ Ross Briggs
        Attorney for Debtor
        1525 East 53rd Street, suite 423
        Chicago IL 60615
        773-220-7007

**CERTIFICATE OF SERVICE:**

By my signature below it is certified that this Notice along with the aforementioned motion was served upon Respondent City of City of Chicago, c/o Lori Lightfoot, Mayor and Chief Executive Officer for Respondent City of Chicago, 121 N LaSalle Street Chicago City Hall 4th Floor, Chicago, IL 60602, and c/o James Allendorf Sr. Associate Attorney, 111 W Jackson Blvd, suite 600, Chicago IL 60604 and David Paul Holtkamp, Assistant Corporation Counsel, Supervisor, City of Chicago, Department of Law, Bankruptcy Unit, 121 N. LaSalle St., Ste. 400, Chicago, Illinois 60602, Attorneys for Respondent City of Chicago by depositing the same in the US Mail at 4144 Lindell Blvd, suite 202, St Louis MO 63108, and by email at jallendorph@harriscollect.com and David.Holtkamp2@cityofchicago.org on this 24th day of August, 2019, except that the Chapter 7 Trustee was served via electronic notice on such date.

/s/  Ross Briggs
Attorney for Debtor
1525 East 53rd Street, suite 423
Chicago IL 60615
773-220-7007

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In: | |
| Cupree Howard, ) | |
|   Debtor(s) ) | Case No.: 19-22444 |
| ) | Chapter 13 |
| v. ) | Judge LaShonda A Hunt, |
| City of Chicago, ) | |

### DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

Comes Now Debtor Cupree Howard, by and through his legal counsel, to present his Motion To Avoid Judicial Lien pursuant to 11 USC Sections 105 and 522(f), and states as follows:

1. This Court has jurisdiction pursuant to 11 USC Section 1334 and this is a core proceeding under 28 USC Section 157(b).

2. The Debtor filed a petition for bankruptcy protection under Chapter 7 of the US Bankruptcy Code and a plan of reorganization on August 9, 2019.

3. At the time of the filing of this bankruptcy case, Debtor owned a 2001 Cadillac Eldorado. Debtor listed his 2001 Cadillac Eldorado (hereinafter: Debtor's vehicle) on Schedule B, with a fair market value of $575.00.  Debtor has claimed that his interest in his vehicle is entirely exempt under Illinois law. Debtor's vehicle is a part of the bankruptcy estate.

4. At the time of the filing of this bankruptcy case, Respondent City of Chicago held possession

of Debtor's vehicle, said vehicle having been previously impounded for debtor's unpaid parking tickets pursuant to pursuant Municipal Code of Chicago, Section 9-100-120(b)..

5. 11 U.S.C. Section 522(f)(1) provides debtor the right to avoid the fixing of a judicial lien in property "to the extent such lien impairs an exemption…." The term "judicial lien" means a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 USC Section 101(36).

6. In *In re Fulton*, 926 F.3d 916 (7th Cir 2019), the Seventh Circuit held that the City of Chicago's adjudication, immobilization and impoundment vehicles for unpaid parking tickets pursuant Municipal Code of Chicago, Section 9-100-120(b) arises from a "judgment" obtained in favor of City of Chicago and against the vehicle owner. "Prior to impounding a vehicle, the City must administratively adjudicate the debtor's violations, see M.C.C. Section 9-100-010, and those adjudications result in a determination of final liability - ie, ***a judgment***." (emphasis added) 926 F.3d at 931. Further, a lien arising from a judgment -even where the judgment originates in the administrative or quasi-judicial process- remains a judicial lien for purposes of lien avoidance pursuant to Section 522(f)(1). See, *Arkansas Dept of Workforce Services v. Leaks*, Cse No. 5:16CV00267 LLH, 2017 WL 2577546 (E.D. Ark. June 14, 2017);  In re Beck, No. 15-29541-SVK, 2016 489892 (Bankr. E.D. Wis. Feb. 5, 2016); *In re Downey*, 261 B.R. 124 (Bankr. D. N.J. 2001); *In re Barbe*, 24 B.R. 739 (Bankr. M.D. Pa 1982).

7. Respondent City's possessory lien likewise constitutes a judicial lien because such lien was obtained through "levy" as provided under Section 101(36).  Respondent City's acts of

immobilization and impoundment is certainly encompassed within this definition of "levy." "Any forced taking of property" is a levy. *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 305 n.9 (5th Cir. 1985).

8. Under Section 522(f), Respondent City's possessory judicial lien must be avoided where there is no equity to pay the judicial lien after allowance for senior liens and Debtor's exemption. *In re Sheth*, 225 B.R. 913 (Bankr. N.D. Ill 1998); *In re Allard*, 196 B.R. 402 (Bankr. N.D. Ill 1996). As set forth in Debtor's Schedules B and C, Debtor's 2001 Cadillac Eldorado, a vehicle with mileage of 160,000 miles, has a present value of $575.00 and, Respondent claims a possessory lien against such vehicle in excess of its value. There is no equity at all in debtor's vehicle to support Respondent City's judicial lien after Debtor's claim of exemption in his vehicle of $575.00 pursuant 735 ILCS 5/12-1001-1001(c). Accordingly, Respondent City's judicial lien impairs debtor's exemption and must be avoided in its entirety.

WHEREFORE, Debtor prays that this Court enter its order avoiding the possessory, judicial lien claimed by Respondent City of Chicago's against Debtor's 2001 Cadillac Eldorado., and for such other relief as this Court deems just and proper.

                              Respectfully Submitted,

                                    /s/ Ross Briggs
                                    Attorney for Debtor
                                    1525 East 53rd Street, suite 423
                                    Chicago IL 60615
                                    773-220-7007